IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-906-BO

KATHY LIVINGSTON, as Administratrix )
of The Estate of John David Livingston, II, )
*et al.*, )
                                 )
              Plaintiffs, )
                                 )
v.                                    )          O R D E R
                                   )
NICHOLAS KEHAGIAS, both individually )
and in his official capacity as law )
enforcement officer with the Harnett County )
Sheriff's Department, *et al.*, )
                                   )
              Defendants. )

This cause comes before the Court on defendants' partial motion to dismiss pursuant to

Rules 12(b)(1), (2), and (6) of the Federal Rules of Civil Procedure. Plaintiffs have responded,

defendants have replied, and the matter is ripe for ruling. Also before the Court and ripe for

adjudication are two motions to sever pursuant to Rules 20, 21, and 42 of the Federal Rules of

Civil Procedure. A hearing was held on these matters before the undersigned on April 27, 2017,

at Raleigh, North Carolina. For the reasons that follow, defendants' motion to dismiss is denied

without prejudice and the motions to sever are denied.

## BACKGROUND

This case was brought by six plaintiffs against four deputy sheriffs and two sheriffs of

Harnett County, North Carolina. Each plaintiff alleges that one or more of the deputy defendants

used excessive force against him or her and that the deputies executed their duties in a grossly

negligent manner. The plaintiffs further allege that the Sheriff's Office under the leadership of

Sheriffs Rollins and Coats has a long and disturbing history of police misconduct and that the

Office leadership has either condoned or turned a blind eye to misconduct by their deputies. Below is a brief summary of the facts alleged by the individual plaintiffs. These incidents took place between January 1, 2015, and November 15, 2015.

*Plaintiff Estate of John Livingston*: Responding to a domestic assault disturbance which had been reported from a different address and involved different individuals, defendants Kehagias and Werbelow entered Livingston's home without a warrant, consent, or probable cause at 3:40 a.m. on a Sunday morning. When Livingston challenged their entry, he was pinned face down, beaten, pepper-sprayed, and tased. Kehagias then shot Livingston three times, resulting in Livingston's death.

*Plaintiff Michael Cardwell*: Cardwell, 66 years old, called 911 seeking help with medical issues. Defendants Kehagias, Knight, and Klingman responded. Cardwell was standing in his driveway when the deputies arrived and Kehagias bull-rushed Cardwell, pinning his body to the back of a truck and lifting it off the ground. Cardwell was handcuffed, pinned face down, and pepper-sprayed in the face. Cardwell's femur and hip were fractured; he was charged with resisting an officer. The charge was later dismissed.

*Plaintiff Christine Broom*: Broom rented a room in her house to a man who abused alcohol and drugs. After her tenant had arrived home one night intoxicated, Broom made an agreement with the tenant that he would not enter the home in that state as she feared for her own and her daughter's safety. On the night in question, the tenant attempted to gain access to the house while intoxicated. He called the police, and defendant Klingman and another deputy proceeded to break into Broom's home, wedging the door with a screwdriver and prying it open. Broom was arrested for resisting an officer; the charge was later dismissed.

*Plaintiff Wesley Wright*: Wright was attending a family birthday party at the home he shared with his uncle when defendant Kehagias arrived to investigate a disturbance complaint. While Kehagias was standing in the yard talking to Wright's uncle, Wright yelled something from the porch of the home and went inside. Kehagias demanded that the uncle open the door, entered the home, and drew his gun on Wright. Kehagias then grabbed Wright and proceeded to slam Wright's body as he dragged him out of the house and into the yard. Kehagias emptied an entire bottle of pepper spray into Wright's face while he pinned Wright's body down. Wright was charged with resisting an officer; the charge was later dismissed.

*Plaintiffs Tyrone Bethune and Ryan Holloway*: Defendant Kehagias arrived at Bethune's home after midnight stating first that he was investigating a suicide call that had been traced to the home and later that he was looking for an individual named Robert Cox. When Holloway attempted to end the encounter after denying that either he or Bethune had made a suicide call or knew the whereabouts of Cox, Kehagias put his foot in the doorway to prevent the door from closing. Bethune informed Kehagias that he could not enter without a warrant and Kehagias dragged Bethune out of the house and handcuffed him. Bethune had taken his cell phone out to record the incident; when Kehagias saw the phone he slammed Bethune face-first into the porch, chipping his tooth. Kehagias then searched the entire residence and without finding evidence of any criminal activity took Bethune to jail.

The plaintiffs have alleged forty-three causes of action, bringing claims for, *inter alia*, violations of their civil rights under 42 U.S.C. § 1983, negligence, gross negligence, civil conspiracy, assault and battery, and false imprisonment. Plaintiffs also allege that the Sheriff defendants engaged in a pattern or practice of deliberately suppressing information to the public about the misconduct of their officers and employees and that the individual deputy defendants

engaged in a pattern and practice of using excessive force, wrongly charging citizens with resisting arrest, and unlawfully gaining entry into citizens' homes.

DISCUSSION

Following the hearing held on 27 April 2017, plaintiffs with the consent of defendants filed a stipulation of dismissal of a number of claims "in an effort to streamline this litigation and promote judicial economy and efficiency". [DE 50]; Fed. R. Civ. P. 41(a)(1)(ii). Plaintiffs are DIRECTED to file an amended complaint reflecting only the remaining claims and parties within seven days of the date of entry of this order. Defendants' motion to dismiss is DENIED WITHOUT PREJUDICE, with permission to refile within seven days of the filing of the amended complaint. Plaintiffs' response to any motion to dismiss shall be filed not later than fourteen days after the filing of the motion, and any reply shall be filed within seven days of the response.

Also before the Court are two motions to sever the plaintiffs' claims for trial, one filed by defendants and a second filed jointly by plaintiffs and defendants. *See* Fed. R. Civ. P. 20(b); 42(b). Following the hearing in this matter, plaintiffs filed a notice withdrawing their consent to severance of their claims for trial. [DE 51]. A court may order separate trials of issues or claims "[f]or convenience, to avoid prejudice, or to expedite and economize". Fed. R. Civ. P. 42(b). A court may further order separate trials to protect any party from embarrassment, delay, expense, or other prejudice. Fed. R. Civ. P. 20(b). In deciding whether severance is warranted,

> [t]he critical question for the [] court [is] whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982), *on reh'g*, 712 F.2d 899 (4th Cir. 1983).

Here, the Court, in its discretion, is not persuaded that defendants will be denied a fair trial if the plaintiffs' claims are not severed for trial. *Duke v. Uniroyal Inc.*, 928 F.2d 1413, 1421 (4th Cir. 1991). Indeed, as defendants admit, common questions of law and fact exist such that severance for purposes of discovery is not warranted. While the specific incidents involving each plaintiff occurred on separate occasions, "[c]ommon sense says that claims alleged to be part of a 'pattern and practice' satisfy both the 'transaction' and the 'common question' requisites" of proper joinder of parties. *King v. Ralston Purina Co.*, 97 F.R.D. 477, 480 (W.D.N.C. 1983). At bottom, while the plaintiffs suffered individual injuries for which they seek redress, the gravamen of their complaint is that the Harnett County Sheriff's Office employed and possibly empowered deputies who repeatedly engaged in grossly improper conduct and applied excessive and unreasonable force. While there may be a risk of possible confusion in a multi-plaintiff trial such as this, this risk may be mitigated against with proper instructions to the jury, *see Duke*, 928 F.2d at 1421, and it does not outweigh the burden and expense of conducting five separate trials in this case. The motion to sever the plaintiffs for trial is therefore DENIED.

## CONCLUSION

For the foregoing reasons, the motion to dismiss [DE 25] is DENIED WITHOUT PREJUDICE, the motions to sever [DE 28 & 38] are DENIED. Plaintiffs shall file an amended complaint within seven days of the date of entry of this order.

SO ORDERED, this 23 day of May, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE