IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-906-BO

KATHY LIVINGSTON, as Administratrix )
of The Estate of John David Livingston, II, )
*et al.*, )
)
Plaintiffs, )
)
v. )                                                  O R D E R
)
NICHOLAS KEHAGIAS, both individually )
and in his official capacity as law )
enforcement officer with the Harnett County )
Sheriff's Department, *et al.*, )
)
Defendants. )

This cause comes before the Court on defendants' partial motion for judgment on the

pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Plaintiffs have

responded, defendants have replied, and in this posture the matter is ripe for ruling. For the reasons

that follow, defendants' motion is granted in part and denied in part.

## BACKGROUND

This case was brought by six plaintiffs against four deputy sheriffs and two sheriffs of

Harnett County, North Carolina. Each plaintiff alleges that one or more of the deputy defendants

used excessive force against him or her and that the deputies executed their duties in a grossly

negligent manner. The plaintiffs further allege that the Sheriff's Office under the leadership of

Sheriffs Rollins and Coats has a long and disturbing history of police misconduct and that the

Office leadership has either condoned or turned a blind eye to misconduct by their deputies. These

incidents are alleged to have taken place between January 1, 2015, and November 15, 2015.[1]

---

[1] The Court incorporates by reference its recitation of the facts supporting each plaintiffs' claims
in its order of 24 May 2017.

Following a hearing held on April 27, 2017, plaintiffs with the consent of defendants filed a stipulation of dismissal of a number of claims "in an effort to streamline this litigation and promote judicial economy and efficiency". [DE 50]. Plaintiffs thereafter filed an amended complaint and defendants filed an answer and the instant motion. Defendants seek dismissal of plaintiffs' § 1983 claims against defendants who are not alleged to have been involved in the incidents complained of; plaintiffs' § 1983 *Monell* claims against Sheriff Coats in his official capacity; plaintiff Cardwell's civil conspiracy claim; and causes of action seven, fifteen, twenty-one, twenty-eight, and thirty-two as there is no recognized independent tort of "malice, corruption, and acts outside the scope of official duties."

## DISCUSSION

A Rule 12(c) motion for judgment on the pleadings raising the defense of failure to state a claim upon which relief can be granted is assessed under the Rule 12(b)(6) standard. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A.    § 1983 claims against particular defendants not alleged to have been involved

Defendants seek dismissal of plaintiffs' § 1983 claims as follows: plaintiff Broom's § 1983 claims against Kehagias, Werbelow, and Knight; plaintiff Cardwell's § 1983 claims against Werbelow; plaintiffs Bethune and Holloway's § 1983 claims against Werbelow, Klingman, and Knight; plaintiff Wright's § 1983 claims against Werbelow, Klingman, and Knight; and plaintiff Estate of Livingston's § 1983 claims against Klingman and Knight. Plaintiffs in response contend that they have not alleged any § 1983 claims against particular defendants who were not involved in a particular incident. Plaintiffs clarify in their response that their § 1983 claims have been alleged as follows:

> Plaintiff Estate of Livingston has only asserted § 1983 claims against Defendants Kehagias and Werbelow (see 1st Cause of Action), and against Defendants Rollins and Coats (see 2nd Cause of Action);

> Plaintiff Cardwell has only asserted § 1983 claims against Defendants Kehagias, Klingman, and Knight (see 1st Cause of Action), and against Defendants Rollins and Coats (see 2nd Cause of Action);

> Plaintiff Broom has only asserted § 1983 claims against Defendant Klingman (see 1st Cause of Action), and against Defendants Rollins and Coats (see 2nd Cause of Action);

> Plaintiff Wright has only asserted § 1983 claims against Defendant Kehagias (see 1st Cause of Action), and against Defendants Rollins and Coats (see 2nd Cause of Action);

> Plaintiffs Bethune and Holloway have only asserted § 1983 claims against Defendant Kehagias (see 1st Cause of Action), and against Defendants Rollins and Coats (see 2nd Cause of Action).

Plaintiffs' amended complaint shall be read to reflect the §1983 allegations against particular defendants as provided by plaintiffs and listed above. Plaintiffs' allegation of joint and several liability relating to their § 1983 claims may remain at this stage. *See* [DE 59] Amd. Cmp. ¶ 41; *Thomas v. Cook Cty. Sheriff's Dep't*, 604 F.3d 293, 315 (7th Cir. 2010) ("liability among

defendants in a § 1983 case is *joint* and several—at least in the usual case of one plaintiff with a single indivisible injury.") (emphasis in original).

B.      Plaintiffs' § 1983 *Monell* claims against Sheriff Coats in his official capacity

Plaintiffs have pled § 1983 *Monell* claims against Sheriff Coats in his official capacity for creating, promulgating, and maintaining policies which deprived plaintiffs of their constitutional rights. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). Defendants Coats and Rollins, the current and former sheriff of Harnett County, have both been named in their official capacities in plaintiffs' *Monell* claims. [DE 59] Amd. Cmp. at 64. The *Monell* claims alleged against the sheriff defendants in their official capacities relate to conduct which occurred during the time that defendant Rollins was sheriff; however, at the time the complaint was filed, defendant Coats was sheriff. Defendants seeks dismissal of one or the other of these defendants, arguing that this official capacity claim is, at bottom, duplicative.

Official capacity suits "generally represent only another way of pleading an action against an entity of which the officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quotation omitted). While there is, in effect, no difference between suing Sheriff Rollins and Sheriff Coats in their official capacities, "[s]imply because a claim is redundant does not necessarily mean that the complaint is invalid." *Chase v. City of Portsmouth*, 428 F. Supp. 2d 487, 489 (E.D. Va. 2006). Indeed, "where elected officials are alleged to have violated federal laws protecting a local constituency, public accountability is of utmost importance", and naming individual defendants specifically helps provide that accountability. *Id.*, at 490. Dismissal of the *Monell* claims against either Sheriff Coats or former-Sheriff Rollins is not warranted at this time.

4

C.    Plaintiff Cardwell's civil conspiracy claim

Defendants argue that plaintiff Cardwell's civil conspiracy claim should be dismissed because plaintiff Cardwell has failed to adequately allege such a claim and because the intracorporate conspiracy doctrine bars it. In reply to their Rule 12(c) motion, defendants clarify that they did not intend to raise the intracorporate conspiracy doctrine in their motion, and seek dismissal based on their argument that Cardwell has not alleged an injury based on the alleged conspiracy entered into by defendants.

In the amended complaint, plaintiff Cardwell alleges that after Kehagias assaulted, battered, and maliciously prosecuted him, Kehagias, Klingman, and Knight formed an agreement to act unlawfully by making false statements to investigators and others about their conduct. [DE 59] Amd. Cmp. ¶ 441. Cardwell alleges that the purpose of the agreement was for defendants to avoid criminal, civil, or administrative consequences for their unlawful actions. *Id.* Cardwell further alleges that when instituting criminal proceedings against him, Kehagias, Klingman, and Knight, acting in a conspiracy, agreed to unlawfully arrest Cardwell with the intention of avoiding criminal, civil, or administrative action for their own conduct. *Id.* ¶ 448.

"The elements of a civil conspiracy are: (1) an agreement between two or more individuals; (2) to do an unlawful act or to do an lawful act in an unlawful way; (3) resulting in injury to plaintiff inflicted by one or more of the conspirators; and (4) pursuant to a common scheme." *Privette v. Univ. of N. Carolina at Chapel Hill*, 96 N.C. App. 124, 139 (1989) (citation omitted). Cardwell has sufficiently alleged that Kehagias, Klingman, and Knight conspired to unlawfully arrest Cardwell, which plainly caused injury to Cardwell. Dismissal of Cardwell's civil conspiracy claim is not warranted.

D.      Causes of action seven, fifteen, twenty-one, twenty-eight, and thirty-two

Defendants seek dismissal of the above causes of action, arguing there is no recognized independent tort of "malice, corruption, and acts outside the scope of official duties." The Court agrees. Insofar as these causes of actions were to be construed as claims, they are DISMISSED. Plaintiffs' allegations of malice, corruption, and acts outside the scope of official duties, in support of their claims, however, may remain.

## CONCLUSION

For the foregoing reasons, defendants' partial motion for judgment on the pleadings [DE 62] is GRANTED IN PART and DENIED IN PART.

SO ORDERED, this 15 day of September, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

6