IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-906-BO

KATHY LIVINGSTON, as Administratrix )
of The Estate of John David Livingston, II, )
*et al.*, )
)
Plaintiffs, )
)
v. ) O R D E R
)
NICHOLAS KEHAGIAS, both individually )
and in his official capacity as law )
enforcement officer with the Harnett County )
Sheriff's Department, *et al.*, )
)
Defendants. )

This cause comes before the Court on a motion by movants The News & Observer, Capitol Broadcasting Corporation, WTVD Television, the Associated Press, and The Fayetteville Observer for leave to intervene. Movants seek to intervene for the limited purpose of asserting and protecting the people's presumptive right to access to judicial documents and proceedings. Also pending before the Court are motions to seal documents related to defendants' motion for summary judgment as well as plaintiffs' request to lift the confidentiality of case materials as imposed by this Court's protective order given the public importance of the case. A hearing on these matters was held before the undersigned on April 20, 2018, at Raleigh, North Carolina.

"The common law presumes a right to inspect and copy judicial records and documents." *Stone v. Univ. of Maryland Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). Documents filed in connection with a summary judgment motion in a civil case are subject to a more rigorous First Amendment standard when determining whether to limit a right of access of the public to the

documents. *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). Thus, a denial of access to these documents must serve an important governmental interest, and there must be "no less restrictive way to serve that governmental interest." *Id.*

No party has opposed intervention by the media outlets for this limited purpose. The motion to intervene is allowed. As to the filing of documents under seal, the Court has not been presented with an important governmental interest which would be served by maintaining the documents related to the summary judgment motion under seal. Defendants' response to the media outlets' motion states simply that it has complied with the Court's protective order and state law in filing the documents under provisional seal and that is within this Court's discretion to determine whether to ultimately seal these documents. Plaintiffs in their motion have noted the importance of allowing public access to these documents. In the absence of any argument that the documents should remain sealed, and where, as noted at the hearing, much of the content of the sealed materials has been addressed in deposition testimony or other sources which are not under seal, the Court DENIES the motions to seal.

## CONCLUSION

Accordingly, the motion for leave to intervene [DE 107] is GRANTED, defendants' motion to seal [DE 97] is DENIED, and plaintiffs' motion to comply with sealing requirements and simultaneously to lift confidentiality of case materials [DE 114] is GRANTED IN PART and DENIED IN PART. The trial setting in this matter is CONTINUED to the Court's July 2018 term.

SO ORDERED, this 20 day of April, 2018.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

2