IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-906-BO

KATHY LIVINGSTON, as Administratrix )
of The Estate of John David Livingston, II, )
*et al.*, )
)
                   Plaintiffs, )
)
v. )         O R D E R
)
NICHOLAS KEHAGIAS, both individually )
and in his official capacity as law )
enforcement officer with the Harnett County )
Sheriff's Department, *et al.*, )
)
                   Defendants. )

This cause comes before the Court on defendants' renewed motion to sever claims for trial. Plaintiffs have responded, defendants have replied, and the matter is ripe for ruling. For the reasons that follow, defendants' renewed motion is denied.

## BACKGROUND

The Court presumes familiarity with the background and procedural history of this case for the purposes of resolving this motion. Defendants seek an order allowing the claims of each plaintiff or set of plaintiffs to be tried in separate trials because the claims and parties to this action are improperly joined and proceeding without severance would cause undue prejudice, jury confusion, and delay. Plaintiffs oppose and seek a joint trial on all issues and claims.

## DISCUSSION

The plaintiffs in this action are properly joined pursuant to Rule 20(a)(1) of the Federal Rules of Civil Procedure. Although each plaintiff alleges claims arising out of separate encounters with defendants which occurred on separate dates, the plaintiffs' claims are reasonably related and have a logical relationship to each other. *Saval v. BL Ltd.*, 710 F.2d 1027,

1031 (4th Cir. 1983). And, each plaintiff brings a claim under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), alleging that their individual encounters with defendants were part of a common pattern or practice of the Harnett County Sheriff's Department. Claims arising from a common pattern or practice "satisfy both the 'transaction' and the 'common question' requisites of Rule 20(a)." *King v. Ralston Purina Co.*, 97 F.R.D. 477, 480 (W.D.N.C. 1983).

A court may order separate trials of issues or claims "[f]or convenience, to avoid prejudice, or to expedite and economize". Fed. R. Civ. P. 42(b). A court may further order separate trials to protect any party from embarrassment, delay, expense, or other prejudice. Fed. R. Civ. P. 20(b). In deciding whether severance is warranted,

> [t]he critical question for the [] court [is] whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982), *on reh'g*, 712 F.2d 899 (4th Cir. 1983).

On May 24, 2017, this Court denied defendants' motion to sever plaintiffs' claims for trial, finding that, while there may be a risk of possible confusion in a multi-plaintiff case such as this, the risk can be mitigated against with proper instructions to the jury and does not outweigh the burden and expense of conducting five separate trials. [DE 56]. Defendants' current motion provides no new argument or evidence which would cause the Court to revisit this holding. Indeed, defendants' memorandum indicates that the issue of whether to sever claims for discovery or for trial are often considered separately, but the Court's 24 May 2017 order considered only whether to sever the claims for trial because defendants had agreed that plaintiffs' claims should be joined for purposes of discovery. *Id.*

At bottom, the Court determines that the plaintiffs are properly joined and proceeding with one, multi-plaintiff trial would promote convenience and expedite resolution of the claims. *Saval*, 710 F.2d at 1031.

## CONCLUSION

Accordingly, for the foregoing reasons, defendants' renewed motion to sever plaintiffs' claims for trial [DE 157] is denied.

SO ORDERED, this _6_ day of November, 2020.

*Terrence Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE